**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-2326**

———————————

DIANA LOUISE HOUCK; STEVEN G. TATE,

Plaintiffs - Appellants,

v.

SUBSTITUTE TRUSTEE SERVICES, INC.,

Defendant – Appellee,

and

LIFESTORE BANK; GRID FINANCIAL SERVICES, INC.,

Defendants.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. David S. Cayer, Magistrate Judge. (5:13-cv-00066-DSC)

———————————

Submitted: July 28, 2014            Decided: August 27, 2014

———————————

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

M. Shane Perry, COLLUM & PERRY, Mooresville, North Carolina, for Appellants. Jeffrey A. Bunda, HUTCHENS LAW FIRM, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diana Louise Houck and Steven G. Tate seek to appeal the district court's order entered October 1, 2013, dismissing all claims as to one of the defendants in the underlying civil action. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). The order appellants seek to appeal is neither a final order nor an appealable interlocutory or collateral order.[*] Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] We note that, after the notice of appeal was filed, the district court entered orders dismissing claims against the remaining two defendants. Under the doctrine of cumulative finality, see Equip. Fin. Grp., Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347-48 (4th Cir. 1992), it is possible to cure the jurisdictional defect resulting from the appeal of a non-final order if the district court enters final judgment prior to this court's consideration of the appeal. However, because at least some claims against defendant Lifestore Bank are still pending in the district court, a final order has not yet been entered.